IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW WOLFF,  No.: 2:21-cv-1790

    Plaintiff,  *Electronically Filed*

vs.

ZIPCAR INC., AND EDRIC KUSUMA,

    Defendants.

## NOTICE OF REMOVAL

AND NOW, come the Defendants, ZIPCAR INC. ("Zipcar") and EDRIC KUSUMA, by and through their attorneys, JEFFREY A. RAMALEY, ESQUIRE, AARON H. WEISS, ESQUIRE, and ZIMMER KUNZ, PLLC, and file the following Notice of Removal of the above-captioned action to the United States District Court for the Western District of Pennsylvania from the Court of Common Pleas of Allegheny County, Pennsylvania pursuant to 28 U.S.C. § 1441 et seq. and, in support thereof, avers as follows:

1. This Civil Action arises out of a motor vehicle accident on November 28, 2019 between Plaintiff and Defendant Kusuma. See Complaint, ¶¶ 7-8.

2. At the time of the accident, it is further alleged that Kusuma was operating a vehicle he had leased from Zipcar. See Complaint, ¶¶ 37-38.

3. Although Plaintiff further alleges that Kusuma did not have a Pennsylvania driver's license, see Complaint, ¶ 22, and further that Zipcar knew or should have known this, see Complaint, ¶ 33, Kusuma did in fact have a foreign license from Indonesia, with an expiration of February 2, 2021.

4. On October 29, 2021, Plaintiff filed his Complaint against Kusuma and Zipcar in Allegheny County at Docket No. GD-21-013331.

5.  Plaintiff alleged that he is a resident of Allegheny County, Pennsylvania. See Complaint, ¶ 1.

6.  Although the Complaint suggests only that Kusuma was a resident of Pennsylvania at the time of the accident, see Complaint, ¶ 2, Kusuma has in fact resided in California since January 20, 2021. See Affidavit, attached as Exhibit "A".

7.  For purposes of removal to federal court, diversity between the parties must exist at the time the complaint was filed, as opposed to the time of the underlying accident. See e.g. Johnson v. Smithkline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) ("Diversity of citizenship must have existed at the time the complaint was filed"); Brough v. Strathmann Supply Co., 358 F.2d 374, 376 (3d Cir. 1966) ("For purposes of federal jurisdiction, the requirement of diversity of citizenship is ordinarily determined by the situation existing at the time the action is commenced.").

8.  Although the Complaint suggests only that Zipcar is registered to do business in Pennsylvania, see Complaint, ¶ 3, the Pennsylvania Department of State website confirms that Zipcar is a foreign entity. See Pennsylvania Department of State printout, attached as Exhibit "B".

9.  In fact, Zipcar is incorporated in Delaware, with a principal place of business in Massachusetts. See Massachusetts Secretary of the Commonwealth printout, attached as Exhibit "C".

10. Prior to removing this matter, undersigned counsel contacted Plaintiff's counsel and asked Plaintiff to stipulate that the amount at issue was $75,000 or less, exclusive of interest and costs in relation to his claims; but Plaintiff was not agreeable to same.

11. Accordingly, Defendants aver that Plaintiff is seeking monetary damages in excess of $75,000, exclusive of interest and costs in relation to his claims.

12. As is reflected on the state court Docket, Zipcar was served with the Complaint on November 8, 2021. A copy of all process, pleadings, and orders served upon Defendants are attached as Exhibit "D".

13. Defendant Kusuma received the Complaint via certified mail on November 23, 2021.

14. Thus, the present Notice of Removal has been timely filed.

15. This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as this is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and the litigation is between parties from different states.

16. Removal from state court to the United States District Court for the Western District of Pennsylvania is therefore permissible pursuant to 28 U.S.C. §§ 1441(a) and 1446.

17. All parties will receive written notice of the filing of this removal as required by 28 U.S.C. § 1446(d).

18. Notice of this removal will be provided to the Department of Court Records / Prothonotary of the Court of Common Pleas of Allegheny County in a Notice of Filing of Removal substantially similar to the example attached as Exhibit "E".

[Continued on Next Page]

WHEREFORE, Defendants, Kusuma and Zipcar provide this Notice that the action is being hereby removed to the United States District Court for the Western District of Pennsylvania.

**A JURY TRIAL IS DEMANDED OF 12 JURORS IN THIS MATTER BY DEFENDANTS**

        Respectfully submitted,

*/s/ Jeffrey A. Ramaley, Esquire*
JEFFREY A. RAMALEY, ESQUIRE
Pa. I.D. #41559
*/s/ Aaron H. Weiss, Esquire*
AARON H. WEISS, ESQUIRE
Pa. I.D. #320980
ZIMMER KUNZ, PLLC
Firm #920
310 Grant Street, Suite 3000
Pittsburgh, PA 15219
(412) 281-8000
Counsel for Defendants

02195846.DOCX 7635-0122

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the within NOTICE OF REMOVAL was forwarded to counsel below named by United States Mail on the 8th day of December, 2021:

Patrick K. Cavanaugh, Esquire
Del Sole Cavanaugh Stroyd LLC
Three PPG Place, Suite 600
Pittsburgh, PA 15222
(*Attorney for Plaintiff*)

Respectfully submitted,

*/s/ Jeffrey A. Ramaley, Esquire*
JEFFREY A. RAMALEY, ESQUIRE
Pa. I.D. #41559
*/s/ Aaron H. Weiss, Esquire*
AARON H. WEISS, ESQUIRE
Pa. I.D. #320980
ZIMMER KUNZ, PLLC
Firm #920
310 Grant Street, Suite 3000
Pittsburgh, PA 15219
(412) 281-8000
Counsel for Defendants

02195846.DOCX 7635-0122