IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW WOLFF,                          No.:

      Plaintiff,                      *Electronically Filed*

   vs.

EDRIC KUSUMA and ZIPCAR INC.,

    Defendants.

# Exhibit "D"

# All Process, Pleadings, and Orders Served upon Defendants

# Allegheny County Department Of Court Records

### Civil/Family Division Docket Report

**Run Date and Time: 12/8/2021 - 11:14:16**

---

### GD-21-013331

Wolff vs Zipcar Inc. etal

**Filing Date:**
10/29/2021

**Related Cases:**

**Consolidated Cases:**

**Judge:**
No Judge

**Amount In Dispute:**
$ 0

**Case Type:**
Motor Vehicle Accident

**Court Type:**
General Docket

**Current Status:**
Praecipe for Appearance

**Jury Requested:**
J

---

### --Parties--

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|-------|-------|----|------|---------|----------------------------|----------|
| Wolff | Matthew | | Plaintiff | | -- | Patrick K Cavanaugh |
| Kusuma | Edric | | Defendant | | -- | -- |
| Zipcar Inc. | | | Defendant | | 11/08/2021 12:30 | -- |

### --Attorney--

| LName | FName | MI | Type | Address | Phone |
|-------|-------|----|------|---------|-------|
| Cavanaugh | Patrick | K | Plaintiff's Attorney | Del Sole Cavanaugh Stroyd LLC Three PPG Place Suite 600 Pittsburgh PA 15222 | -- |
| Weiss | Aaron | H. | Attorney | | -- |

### --Non Litigants--

| LName | FName | MI | Type | Address | Phone |
|-------|-------|----|------|---------|-------|
| | | | No Litigants Found | | |

| Filing Date | Docket Type | Docket Text | Filing Party |
|---|---|---|---|
| | | **--Docket Entries--** | |
| 11/23/2021 | Praecipe for Appearance | Behalf of defendant | Aaron Weiss H. |
| 11/18/2021 | Sheriff Return | Zipcar Inc was served with Complaint on 11/08/2021 by Served - Adult Agent or person in charge of Defendant(s) office or usual place of business. Dave Bulakowski, accepted as adult person in charge for Zipcar Inc at C/O CSC, 2595 Interstate Drive Suite 103 Harrisburg PA 17110 | Matthew Wolff |
| 10/29/2021 | Complaint | | Matthew Wolff |

| Name | Amount | Satisfied(Y,N) |
|---|---|---|
| | **--Judgments Against--** | |
| No Judgments Found | | |

| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
|---|---|---|---|
| | **--Events Schedule--** | | |
| No Information Found | | | |

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MATTHEW WOLFF | CIVIL DIVISION |
| Plaintiff, | No. GD-21- **013331** |
| vs. | **COMPLAINT IN CIVIL ACTION** |
| ZIPCAR, INC., AND EDRIC KUSUMA, | |
| Defendants. | |

Filed on behalf of Plaintiff,

Matthew Wolff

Counsel of Record for this Party:

Patrick K. Cavanaugh, Esquire
PA ID No. 72960
Zachary N. Gordon, Esquire
PA ID No. 318808
Jonathan R. Bruno, Esquire
PA ID No. 327650

DEL SOLE CAVANAUGH STROYD LLC
3 PPG Place, Suite 600
Pittsburgh, PA 15222
Tel: (412) 261-2393
Fax: (412) 261-2110

**JURY TRIAL DEMANDED**

FILED
2021 OCT 29  AM 9: 27
DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW WOLFF | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No. GD-21- **013331** |
| | ) | |
| vs. | ) | |
| | ) | |
| ZIPCAR, INC., AND EDRIC KUSUMA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## **NOTICE TO DEFEND**

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyers Referral Service
The Allegheny County Bar Association
436 Seventh Avenue
400 Koppers Building
Pittsburgh, Pennsylvania 15219
Telephone: (412) 261-6161

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MATTHEW WOLFF | ) CIVIL DIVISION |
| | ) |
| Plaintiff, | ) No. GD-21- |
| | ) |
| vs. | ) |
| | ) |
| ZIPCAR, INC., AND EDRIC KUSUMA, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## COMPLAINT IN CIVIL ACTION

Plaintiff, Matthew Wolff, by and through his attorneys, Del Sole Cavanaugh Stroyd LLC, and files the within Complaint in Civil Action, averring as follows:

## PARTIES

1.     Plaintiff Matthew Wolff (hereinafter "Mr. Wolff") is an adult individual and citizen of the Commonwealth of Pennsylvania who resides in Allegheny County.

2.     Defendant Edric Kusuma (hereinafter "Mr. Kusuma") is an adult individual whose current residence is unknown. Upon information and belief, Mr. Kusuma was a Pennsylvania resident in November of 2019.

3.     Defendant Zipcar, Inc. (hereinafter "Zipcar") is a corporation registered to do business in Pennsylvania, which, at all material times, was engaged in the automobile leasing business within the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Mr. Kusuma because he resided in the Commonwealth of Pennsylvania at the time of the Collision, and he committed the negligent acts described in this Complaint in the Commonwealth of Pennsylvania.

5.     This Court has jurisdiction over, Defendant Zipcar, because it is registered to do business in Pennsylvania, it committed the negligent acts described in this Complaint in the Commonwealth of Pennsylvania, and its negligent acts were directed at the Commonwealth of Pennsylvania.

6.     Venue is proper in this Court because the events that give rise to the claims set forth in this Complaint occurred in Allegheny County.

## FACTUAL BACKGROUND

7.     On November 28, 2019, Mr. Wolff was operating a vehicle on or near Fifth Avenue in the City of Pittsburgh, Pennsylvania and attempting to make a right turn.

8.     At the same time, the vehicle operated by Mr. Kusuma was stopped and had its turn signal on identifying that Mr. Kusuma was going to attempt a left turn.

9.     Mr. Wolff proceeded past Mr. Kusuma trying to turn right.

10.    Mr. Kusuma's vehicle did not turn left; instead of turning left as his vehicle was signaling, Mr. Kusuma's vehicle changed directions attempting to turn right, causing his vehicle to plow into the driver's side of Mr. Wolff's vehicle ("Collision").

11.    As a result of the severity of the Collision, Mr. Wolff's vehicle was totaled.

12.    Mr. Wolff suddenly experienced a heavy impact to the driver's side of his vehicle, which caused significant injuries that continue to this day.

13.    Mr. Wolff arrived at Saint Clair Hospital a few days later to be evaluated and as detailed below, suffered serious injuries that required significant physical treatment.

14.    Mr. Wolff continued to need physical therapy for months after the Collision.

15.    After his injuries had not recovered, Mr. Wolff ultimately had to undergo ligament reconstruction surgery in July of 2020.

2

16.    Mr. Wolff attended follow-up visits with his surgeon in August and September, and October of 2020.

17.    At the October 2020 visit, Mr. Wolff was instructed to limit the use of his left elbow for another 3 months.

18.    Upon information and belief, Mr. Kusuma has resided in Pennsylvania for at least a year before the Collison.

19.    Upon information and belief, Mr. Kusuma attended Carnegie Mellon University as an undergraduate and graduate student from approximately 2015 through 2020.

20.    Upon information and belief, Mr. Kusuma was actively enrolled at Carnegie Mellon University at the time of the Collision.

21.    Pursuant to 75 Pa. C.S.A. § 1501, Mr. Kusuma was required to have a Pennsylvania Driver's License.

22.    Upon information and belief, Mr. Kusuma did not have a Pennsylvania Driver's license at the time of the Collision.

23.    Upon information and belief, Mr. Kusuma was not authorized to drive in Pennsylvania.

**COUNT I - NEGLIGENCE**
**Matthew Wolff v. Edric Kusuma and Zipcar, Inc.**

24.    The preceding paragraphs of this pleading are incorporated by reference as though fully set forth herein.

25.    The aforesaid Collision and the injuries sustained by Mr. Wolff were directly and proximately caused by the negligence and carelessness of Mr. Kusuma in the following particulars:

3

a.    in failing to pay adequate attention to the conditions of the road and other vehicles on the roadway;

b.    in failing to observe Mr. Wolff's vehicle while approaching the intersection;

c.    in failing to exercise due care and caution under the circumstances then and there existing;

d.    in causing the vehicle he was operating to collide with Mr. Wolff's vehicle and causing the aforesaid Collision;

e.    in failing to maintain proper and adequate control of the vehicle he was operating so as to prevent the Collision from happening;

f.    in failing to take appropriate action so that the Collision in question could have been avoided;

g.    in failing to promptly and properly apply the brakes and other stopping devices of the vehicle he was operating;

h.    in failing to honk, warn, signal, flash lights or in any other way notify Mr. Wolff of the impending Collision;

i.    in failing to operate his vehicle with due regard for existing road and traffic conditions, of which he was or should have been aware;

j.    in failing to operate his vehicle in a safe physical condition; and

k.    in failing to maintain his vehicle in a safe and operational condition.

26.    As a direct and proximate result of Mr. Kusuma's aforementioned negligence, Mr. Wolff sustained serious injuries to his person, some or all of which may be permanent including, but not limited to:

a.    Pain and stiffness in elbow;

b.    Clicking and locking of the elbow;

c.    Muscle spasms;

d.    Chip avulsion fracture of the elbow;

e.    Partial tear of the medial collateral ligament of the elbow;

f.     Instability of the elbow;

g.     Limited extension and range of motion;

h.     Ligament reconstruction;

i.     Removal of heterotopic bone and repair of extensor tendon;

j.     Inability to work as a hairdresser;

k.     Difficultly working as a hairdresser; and

l.     Difficulty driving.

27.     As a direct and proximate result of Mr. Kusuma's aforementioned negligence, Mr. Wolff was forced to endure extensive and painful medical treatment including but not limited to injections and physical therapy sessions, and he may be required to endure further medical treatment, surgeries and physical therapy in the future.

28.     As a direct and proximate result of Mr. Kusuma's aforementioned negligence, Mr. Wolff has been and will be required to expend large sums of money for medical treatment and supplies which have or may be in excess of the limits set forth by the Pennsylvania Financial Responsibility Law.

29.     As a direct and proximate result of Mr. Kusuma's aforementioned negligence, Mr. Wolff has experienced pain and suffering; embarrassment and humiliation; emotional distress; impairment of his general health, strength and vitality; and the loss of enjoyment of life.

30.     As a direct and proximate result of Mr. Kusuma's aforementioned negligence, Mr. Wolff was and is unable to perform all or substantially all of his usual and customary daily activities.

31.     As a direct and proximate result of Mr. Kusuma's aforementioned negligence, Mr. Wolff has suffered lost wages and benefits and may suffer lost wages and benefits in the future.

32.     As a further direct and proximate result of Mr. Kusuma's aforementioned negligence, Mr. Wolff has suffered and Mr. Kusuma is liable for the following damages:

      a.  Past, present and future physical pain and suffering;

      b.  Past, present and future scarring;

      c.  Past, present and future mental anguish, emotional distress, impairment of his general health, strength and vitality;

      d.  Past, present and future humiliation and embarrassment;

      e.  Past, present and future inconvenience;

      f.  Past, present and future wage loss;

      g.  Past, present and future impairment of his ability to enjoy life;

      h.  Past, present and future impairment of his ability to enjoy hobbies and recreational pursuits; and

      i.  Past, present and future permanent disfigurement.

33.     Defendant Zipcar knew or should have known that Mr. Kusuma did not have a valid driver's license.

34.     Defendant, Zipcar, by permitting Mr. Kusuma to operate a motor vehicle without a valid license, violated 75 Pa. C.S.A. § 1574 and is jointly and severally liable for the negligence caused by Mr. Kusuma as described in this Count of the Complaint.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Edric Kusuma and Zipcar, Inc., in a sum in excess of the jurisdictional limits of arbitration, plus interest, costs, and such other relief as this Honorable Court may deem appropriate.

## COUNT II – NEGLIGENCE
**Matthew Wolff v. Zipcar, Inc.**

35.     The preceding paragraphs of this pleading are incorporated by reference as though fully set forth herein.

36.     As set forth in Count I of the Complaint, Mr. Kusuma was negligent in operating the motor vehicle that collided with Mr. Wolff's vehicle during the Collision.

37.     Defendant Zipcar controlled, owned, and/or maintained a motor vehicle, which it leased to Mr. Kusuma, which Mr. Kusuma was driving at the time of the Collision.

38.     The vehicle Zipcar leased to Mr. Kusuma and that he was operating at the time of the Collision was a Toyota Corolla with Maryland license plate number of 1DJ8792.

39.     The aforesaid Collision and the injuries sustained by Mr. Wolff were directly and proximately caused by the negligence and carelessness of Zipcar by not having adequate policies and procedures in the following particulars:

   a.     in failing to have adequate policies and procedures to investigate Mr. Kusuma's ability to legally drive in Pennsylvania before allowing him to lease a motor vehicle; and

   b.     in failing to have adequate policies and procedures to prevent unsafe and/or unlicensed drivers from leasing motor vehicles.

40.     In the alternative, upon information and belief, Zipcar did not directly lease the motor vehicle to Mr. Kusuma, but to an associate of Mr. Kusuma.

41.     In the alternative, upon information and belief, Zipcar knew or should have known that its customers might allow others to drive Zipcar's motor vehicles and failed to have appropriate policies and procedures in place to ensure that only Zipcar's customers operate one of Zipcar's motor vehicles.

7

42.     As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff sustained serious injuries to his person, some or all of which may be permanent including, but not limited to:

        a.     Pain and stiffness in elbow;

        b.     Clicking and locking of the elbow;

        c.      Muscle spasms;

        d.     Chip avulsion fracture of the elbow;

        e.     Partial tear of the medial collateral ligament of the elbow;

        f.     Instability of the elbow;

        g.     Limited extension and range of motion;

        h.     Ligament reconstruction;

        i.     Removal of heterotopic bone and repair of extensor tendon;

        j.     Inability to work as a hairdresser;

        k.     Difficultly working as a hairdresser; and

        l.     Difficulty driving.

43.     As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff was forced to endure extensive and painful medical treatment including but not limited to injections and physical therapy sessions, and he may be required to endure further medical treatment, surgeries and physical therapy in the future.

44.     As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff has been and will be required to expend large sums of money for medical treatment and supplies which have or may be in excess of the limits set forth by the Pennsylvania Financial Responsibility Law.

8

45.     As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff has experienced pain and suffering; embarrassment and humiliation; emotional distress; impairment of his general health, strength and vitality; and the loss of enjoyment of life.

46.     As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff was and is unable to perform all or substantially all of his usual and customary daily activities.

47.     As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff has suffered lost wages and benefits and may suffer lost wages and benefits in the future.

48.     As a further direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff has suffered and Zipcar is liable for the following damages:

    a.   Past, present and future physical pain and suffering;

    b.   Past, present and future scarring;

    c.   Past, present and future mental anguish, emotional distress, impairment of his general health, strength and vitality;

    d.   Past, present and future humiliation and embarrassment;

    e.   Past, present and future inconvenience;

    f.   Past, present and future wage loss;

    g.   Past, present and future impairment of his ability to enjoy life;

    h.   Past, present and future impairment of his ability to enjoy hobbies and recreational pursuits; and

    i.   Past, present and future permanent disfigurement.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Zipcar, Inc., in a sum in excess of the jurisdictional limits of arbitration, plus interest, costs, and such other relief as this Honorable Court may deem appropriate.

9

## COUNT III – NEGLIGENCE *PER SE*
### Matthew Wolff v. Zipcar, Inc.

49.     The preceding paragraphs of this pleading are incorporated by reference as though fully set forth herein.

50.     As set forth in Count I of the Complaint, Mr. Kusuma was negligent in operating the motor vehicle that collided with Mr. Wolff's vehicle during the Collision.

51.     Defendant, Zipcar, by permitting Mr. Kusuma to operate a motor vehicle without a valid license violated 75 Pa. C.S.A. § 1574.

52.     The purpose of that statute, at least in part, is to protect other motorists from the danger of drivers that have not demonstrated knowledge of the rules of the road and basic competency in driving.

53.     That statute clearly applies to Zipcar because Zipcar authorized Mr. Kusuma to drive without a license.

54.     Zipcar violated the statute by authorizing an unlicensed driver to drive a motor vehicle.

55.     Zipcar's failure to prevent an unlicensed driver from operating a motor vehicle was the proximate cause of Mr. Wolff's injuries.

56.     As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff sustained serious injuries to his person, some or all of which may be permanent including, but not limited to:

        a.      Pain and stiffness in elbow;

        b.      Clicking and locking of the elbow;

        c.       Muscle spasms;

        d.      Chip avulsion fracture of the elbow;

10

e.      Partial tear of the medial collateral ligament of the elbow;

f.      Instability of the elbow;

g.      Limited extension and range of motion;

h.      Ligament reconstruction;

i.      Removal of heterotopic bone and repair of extensor tendon;

j.      Inability to work as a hairdresser;

k.      Difficultly working as a hairdresser; and

l.      Difficulty driving.

57.     As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff was forced to endure extensive and painful medical treatment including but not limited to injections and physical therapy sessions, and he may be required to endure further medical treatment, surgeries and physical therapy in the future.

58.     As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff has been and will be required to expend large sums of money for medical treatment and supplies which have or may be in excess of the limits set forth by the Pennsylvania Financial Responsibility Law.

59.     As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff has experienced pain and suffering; embarrassment and humiliation; emotional distress; impairment of his general health, strength and vitality; and the loss of enjoyment of life.

60.     As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff was and is unable to perform all or substantially all of his usual and customary daily activities.

11

61.     As a direct and proximate result of Zipcar's aforementioned negligence, Mr.

Wolff has suffered lost wages and benefits and may suffer lost wages and benefits in the future.

62.     As a further direct and proximate result of Zipcar's aforementioned negligence,

Mr. Wolff has suffered and Zipcar is liable for the following damages:

        a.   Past, present and future physical pain and suffering;

        b.   Past, present and future scarring;

        c.   Past, present and future mental anguish, emotional distress, impairment of his general health, strength and vitality;

        d.   Past, present and future humiliation and embarrassment;

        e.   Past, present and future inconvenience;

        f.   Past, present and future wage loss;

        g.   Past, present and future impairment of his ability to enjoy life;

        h.   Past, present and future impairment of his ability to enjoy hobbies and recreational pursuits; and

        i.   Past, present and future permanent disfigurement.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Zipcar,

Inc., in a sum in excess of the jurisdictional limits of arbitration, plus interest, costs, and such

other relief as this Honorable Court may deem appropriate.

### COUNT IV – NEGLIGENT ENTRUSTMENT
### Matthew Wolff v. Zipcar, Inc.

63.     The preceding paragraphs of this pleading are incorporated by reference as though

fully set forth herein.

64.     As set forth in Count I of the Complaint, Mr. Kusuma was negligent in operating

the motor vehicle that collided with Mr. Wolff's vehicle during the Collision.

12

65.     Defendant Zipcar controlled, owned, and/or maintained a motor vehicle, which it leased to Mr. Kusuma, which Mr. Kusuma was driving at the time of the Collision.

66.     The vehicle Zipcar leased to Mr. Kusuma and that he was operating at the time of the Collision was a Toyota Corolla with Maryland license plate number of 1DJ8792.

67.     At the time Zipcar leased the motor vehicle to Mr. Kusuma, Zipcar knew or should have known that that it would be unreasonable to allow Mr. Kusuma to operate a motor vehicle for the following reasons:

   a.   Zipcar knew or should have known that at the time of the Collision, Mr. Kusuma was a Pennsylvania resident and required to obtain a driver's license from the Commonwealth of Pennsylvania before operating a motor vehicle;

   b.   At the time of the Collision, Zipcar knew or should have known that Mr. Kusuma did not have a Pennsylvania Driver's license.

   c.   Zipcar knew or should have known that Mr. Kusuma had not demonstrated knowledge of Pennsylvania driver laws; and

   d.   Zipcar knew or should have know that Mr. Kusuma had not demonstrated that his vision met the minimum standards for driving a motor vehicle in Pennsylvania.

68.     As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff sustained serious injuries to his person, some or all of which may be permanent including, but not limited to:

   a.     Pain and stiffness in elbow;

   b.     Clicking and locking of the elbow;

   c.      Muscle spasms;

   d.     Chip avulsion fracture of the elbow;

   e.     Partial tear of the medial collateral ligament of the elbow;

   f.     Instability of the elbow;

   g.     Limited extension and range of motion;

13

> h.   Ligament reconstruction;
>
> i.   Removal of heterotopic bone and repair of extensor tendon;
>
> j.   Inability to work as a hairdresser;
>
> k.   Difficultly working as a hairdresser; and
>
> l.   Difficulty driving.

69.   As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff was forced to endure extensive and painful medical treatment including but not limited to injections and physical therapy sessions, and he may be required to endure further medical treatment, surgeries and physical therapy in the future.

70.   As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff has been and will be required to expend large sums of money for medical treatment and supplies which have or may be in excess of the limits set forth by the Pennsylvania Financial Responsibility Law.

71.   As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff has experienced pain and suffering; embarrassment and humiliation; emotional distress; impairment of his general health, strength and vitality; and the loss of enjoyment of life.

72.   As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff was and is unable to perform all or substantially all of his usual and customary daily activities.

73.   As a direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff has suffered lost wages and benefits and may suffer lost wages and benefits in the future.

74.   As a further direct and proximate result of Zipcar's aforementioned negligence, Mr. Wolff has suffered and Zipcar is liable for the following damages:

a. Past, present and future physical pain and suffering;

b. Past, present and future scarring;

c. Past, present and future mental anguish, emotional distress, impairment of his general health, strength and vitality;

d. Past, present and future humiliation and embarrassment;

e. Past, present and future inconvenience;

f. Past, present and future wage loss;

g. Past, present and future impairment of his ability to enjoy life;

h. Past, present and future impairment of his ability to enjoy hobbies and recreational pursuits; and

i. Past, present and future permanent disfigurement.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Zipcar, Inc., in a sum in excess of the jurisdictional limits of arbitration, plus interest, costs, and such other relief as this Honorable Court may deem appropriate.

DEL SOLE CAVANAUGH STROYD LLC

By: _____

Zachary N. Gordon, Esquire
PA ID No. 318808

3 PPG Place, Suite 600
Pittsburgh, PA 15222
Phone: 412-261-2393
*Counsel for Plaintiffs*

Dated: October 29, 2021

15

## **VERIFICATION**

I, Matthew Wolff, have read the foregoing Complaint and verify that it is based upon information which I have furnished to counsel and information which has been gathered by counsel in preparation of this lawsuit and is true and correct to the best of my knowledge, information, and belief. The language of the Complaint is that of counsel and not of Plaintiff. To the extent that the content of the foregoing Complaint is that of counsel, I have relied upon counsel in making this verification. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities which provides that if a person knowingly makes false statements, he may be subject to criminal penalties.

10 - 12 - 21
Date

Matthew Wolff

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Del Sole Cavanaugh Stroyd LLC</u>

Signature: _____

Name: <u>Zachary N. Gordon</u>

Attorney No.: <u>318808</u>

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ ALLEGHENY _____ County

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N   A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Notice of Appeal
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| MATTHEW WOLFF | ZIPCAR, INC. |

☐ **Check here if you are a Self-Represented (Pro Se) Litigant**

Name of Plaintiff/Appellant's Attorney: Zachary N. Gordon

| Are money damages requested? : ☒ Yes ☐ No | Dollar Amount Requested: (Check one) | _____ within arbitration limits <br> __X__ outside arbitration limits |
|---|---|---|

Is this a *Class Action Suit*?   ☐ Yes   ☒ No

**S E C T I O N   B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☒ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**

Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other
  _____

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Pa.R.C.P. 205.5*

2/2010

# Sheriff Return

**Case No:** *GD-21-013331*

**Casie Description:** *Wolff vs Zipcar Inc. etal*

**Defendant:** *Zipcar Inc.*

**Service Address:** *2595 Interstate Drive Harrisburg, PA 17110 Dauphin*

**Writ Description:** *Complaint*

**Issue Date:** *10/29/2021 09:28 AM*

**Service Status:** *Served - Adult Agent or person in charge of Defendant(s) office or usual place of business*

**Served Upon:** *Zipcar Inc*

**Served By:** *Deputy Joshua M. Pierce*

**Served On:** *11/08/2021 12:30 PM*

**Service Method:** *Deputize*

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MATTHEW WOLFF,

            Plaintiff,

    vs.

EDRIC KUSUMA and ZIPCAR INC.,

          Defendants.

CIVIL DIVISION

No. GD 21-013331

**PRAECIPE FOR APPEARANCE**

Filed on behalf of Defendants:
Edric Kusuma and Zipcar, Inc.

Counsel of Record for this party:
**AARON H. WEISS, ESQUIRE**
Pa. ID 320980
Email: weiss@zklaw.com

**ZIMMER KUNZ, PLLC**
Firm #920
The Grant Building
310 Grant Street, Suite 3000
Pittsburgh, PA 15219
(412) 281-8000

**JURY TRIAL DEMANDED**

02189348.DOC 7635-0122

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MATTHEW WOLFF,                                    CIVIL DIVISION

        Plaintiff,

                              No. GD 21-013331

      vs.

EDRIC KUSUMA and ZIPCAR INC.,

        Defendants.

## PRAECIPE FOR APPEARANCE

TO:    DEPARTMENT OF COURT RECORDS

Kindly enter my appearance on behalf of the Defendants, EDRIC KUSUMA and ZIPCAR

INC., in the above referenced matter.

                           Respectfully submitted,

                           ZIMMER KUNZ, PLLC

                           */s/ Aaron H. Weiss*
                           AARON H. WEISS, ESQUIRE
                           310 Grant Street, Suite 3000
                           Pittsburgh, PA  15219
                           (412) 281-8000
                           Counsel for Defendants

02189348.DOC 7635-0122

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies With the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:   Aaron H. Weiss, Esquire
Signature:      /s/ Aaron H. Weiss
Name:           Aaron H. Weiss
Attorney ID No: 320980

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within PRAECIPE FOR

APPEARANCE was forwarded to counsel below named by United States Mail on the 23rd day of

November, 2021:

Patrick K. Cavanaugh, Esquire
Del Sole Cavanaugh Stroyd LLC
Three PPG Place, Suite 600
Pittsburgh, PA 15222
(*Attorney for Plaintiff*)

ZIMMER KUNZ, PLLC

*/s/ Aaron H. Weiss*
AARON H. WEISS, ESQUIRE
310 Grant Street, Suite 3000
Pittsburgh, PA  15219
(412) 281-8000
Counsel for Defendants

02189348.DOC 7635-0122