IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| MATTHEW WOLFF, | ) |
| | ) |
| | )  2:21-CV-01790-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ZIPCAR INC., EDRIC KUSUMA, | ) |
| | ) |
| Defendants, | |

OPINION AND ORDER

Plaintiff, Matthew Wolff, brings the within action arising out of injuries he allegedly sustained in a motor vehicle collision against Defendant, Edric Kusuma, for Negligence (Counts I) and against Defendant, Zipcar, Inc., for Negligence (Counts I and II), Negligence Per Se (Count III), and Negligent Entrustment (Count IV). (ECF No. 1-4). Zipcar moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 6). The matter is now ripe for consideration.

Upon consideration of Mr. Wolff's Complaint (ECF No. 1-4), Zipcar's Motion to Dismiss (ECF No. 6), the respective briefs (ECF Nos. 7, 9, and 10), and for the following reasons, Zipcar's Motion will be denied.

I.  Background

Mr. Wolff alleges that he sustained injuries to his elbow because Mr. Kusuma negligently operated a motor vehicle and collided with Mr. Wolff's vehicle. (ECF 1-4 at ¶¶ 7-11). The Complaint avers that Zipcar controlled, owned, and/or maintained a motor vehicle, which it leased to Mr. Kusuma, and in which Mr. Kusuma was driving at the time of the collision. *Id*. at ¶ 37.

Mr. Wolff further avers that Mr. Kusuma was a Pennsylvania resident without a valid Pennsylvania license at the time of the accident. *Id*. at ¶¶ 2, 18-22. Mr. Kusuma allegedly attended school at Carnegie Mellon University (CMU) from 2015 to 2020, but he was not otherwise authorized to drive in Pennsylvania. *Id*. at ¶¶18-23.

Mr. Wolff alleges that Zipcar knew or should have known that Mr. Kusuma lacked a valid driver's license; therefore, he avers that Zipcar is jointly and severally liable for Mr. Kusuma's negligence. *Id*. at ¶¶ 24-34. The Complaint also alleges that Zipcar caused Mr. Wolff's injuries because it did not have adequate policies and procedures to investigate Mr. Kusuma's ability to legally drive before permitting him to lease a motor vehicle and failing to have adequate policies and procedures to prevent unsafe and/or unlicensed drivers from leasing motor vehicles. *Id*. at ¶ 39. Mr. Wolff also avers that Zipcar was negligent per se by permitting Mr. Kusuma to operate a motor vehicle without a valid license in violation of 75 Pa.C.S. § 1574. *Id*. at ¶ 51.

In its Motion to Dismiss, Zipcar argues that Mr. Wolff has failed to state a claim upon which relief may be granted because, 1.) Mr. Kusuma was licensed to drive at the time of the of accident; 2.) Zipcar fulfilled its obligations to ensure Mr. Kusuma had a facially valid license; and 3.) Zipcar is immune from liability for this accident. In support of its arguments, Zipcar attached to its motion copies of Mr. Kusuma's passport from Indonesia, his driver's license, passport stamp, and I-94 Form. (ECF Nos. 7-1, 7-2, 7-3, and 7-4). Zipcar acknowledges that by attaching documents to its motion, the Court could covert this Motion to Dismiss into a Rule 56 Summary Judgment Motion should it deem the same necessary.

II.	Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light

most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

III. Discussion

A. Defendant's Documents and Motion to Dismiss Conversion Request

In support of its arguments, Zipcar attached Mr. Kusuma's passport from Indonesia, his driver's license, passport stamp, and I-94 Form, and requests that the Court consider these documents in its Motion to Dismiss, or, should it deem it necessary, convert its Motion to Dismiss to a Motion for Summary Judgment. Mr. Wolff argues that Mr. Kusuma's documents are not integral to or explicitly relied upon by the Complaint and thus should not be considered on Zipcar's Motion to dismiss. Mr. Wolff further contends that, even if this Court were to consider the summary judgment standard, disputed material facts regarding the documents preclude disposition of Zipcar's arguments.

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complaintant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.

4

1997). When matters outside of the pleadings are presented to the Court on a Rule 12(b)(6) motion, the Court has the discretion to exclude such matters from consideration. Fed.R.Civ.P. 12(d); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 905 n.3 (3d Cir. 1997). If matters outside the pleadings are presented to, and not excluded by, the court, a motion to dismiss must be converted to a motion for summary judgment. *See* Fed.R.Civ.P.12(d).

Here, upon review of the Zipcar's attached documents, the Court cannot find that Mr. Wolff bases his claims on said documents. Moreover, the documents have yet to be authenticated through testimony or other discovery. Therefore, the Court will decline to consider Zipcar's attached documents on its motion to dismiss. As regards conversion to a summary judgment, the Court has similar concerns that the documents are unauthenticated, lack the full context of testimony, and are disputed by Mr. Wolff. Once the proper foundation is laid and record further developed, these documents may be dispositive at a later stage of litigation.

Accordingly, the Court both denies Zipcar's request to consider documents attached to its motion to dismiss and request to convert the motion to dismiss to a motion for summary judgment.

B.   Zipcar's Arguments

Zipcar's arguments largely rely on the Court's consideration of documents attached to its motion to dismiss: 1.) Mr. Kusuma was licensed to drive at the time of the of accident; 2.) Zipcar fulfilled its obligations to ensure Mr. Kusuma had a facially valid license; and 3.) Zipcar is immune from liability for this accident. Because the Court will not consider those documents at this stage, the Court cannot reach a conclusion on the first and second arguments as a matter of law with an additional factual inquiry. While Zipcar's arguments certainly fill the factual gaps in the Complaint, the Court will give those arguments due consideration at a later time. As to the

third argument, immunity under the Graves Amendment is available only when "there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate owner)." 49 U.S.C. § 30106(a)(2). Because Mr. Wolff has sufficiently alleged, at this stage, that Zipcar was negligent, the Graves Amendment cannot serve as a basis for immunity.

Accordingly, Zipcar's Motion to Dismiss will be denied.

ORDER

Following consideration of Mr. Wolff's Complaint (ECF No. 1-4), Zipcar's Motion to Dismiss (ECF No. 6), the respective briefs (ECF Nos. 7, 9, and 10), and for the reasons for the stated in the above Opinion, Zipcar's Motion is Denied.

Defendant, Zipcar shall file its Answer to Mr. Wolff's Complaint on or before February 10, 2022.

DATED this 27th day of January, 2022.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge